UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:21 CR 00220 HEA |
| v. | ) | |
| | ) | |
| BILLIE JO LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jenifer J. Roy, Assistant United States Attorney for the Eastern District of Missouri, and states the following in support of the Government's request for the imposition of a 12-month term of imprisonment in the Bureau of Prisons:

### A. Procedural History

On November 9, 2021, the defendant entered a plea of guilty to four counts of a six-count Indictment. [DCD 1]  Counts One through Four charged the defendant with Passing Counterfeit Obligations or Securities, in violation of 18 U.S.C. § 472.  The Government agreed to dismiss Counts Five and Six at the time of sentencing.

On January 4, 2022, the United States Probation Office filed the Disclosure Presentence Investigation Report (hereinafter "PSR"). [DCD 37]  Neither party has filed objections to the findings of fact and conclusions of law as reported in the PSR.  The PSR concluded that the

1

defendant's Total Offense Level under the United States Sentencing Guidelines was 13.  (PSR, para. 39)  The PSR also concluded that the defendant's Criminal History Category was I.  (PSR, para. 54)  Based on a Total Offense Level of 13 and a Criminal History Category of I, the Guideline imprisonment range is 12 months to 18 months.  (PSR, para. 85)  The Court may also satisfy the minimum term of imprisonment by imposing a "split sentence" that includes community confinement or home detention.  The defendant is responsible for paying $1,434.00 restitution to the victims in this case.  (PSR, para. 96)

The PSR noted that the defendant has pending felony charges under Docket Number 2011-CR01512, in the Circuit Court of St. Charles County, Missouri, and under Docket Number 21L6-CR00154-01, in the Circuit Court of Lincoln County, Missouri.  (PSR, para. 86)  The defendant is charged in both cases with the felony possession of controlled substances.  Because these pending cases are not relevant conduct to the instant offense, the Court has discretion to impose a sentence in this case that runs concurrent with or consecutive to the defendant's pending cases.

### B.  Argument in Support of a Twelve-Month Term of Imprisonment

The Government is recommending that the Court impose a 12-month term of imprisonment. A 12-month custodial sentence would be sufficient but not greater than necessary to achieve the sentencing objectives of Title 18, United States Code, Section 3553.

Pursuant to Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in the statute and shall consider the: (1) nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; and provide just punishment for the offense; to afford adequate

deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational of vocational training, medical care or other correctional treatment in an effective manner; (3) the kinds of sentences available; (4) the applicable sentencing range established for the applicable category of offense; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to the victims of the offense.  18 U.S.C. § 3553(a)(1)-(7).

Here, the nature and circumstances of this offense and the history and characteristics of this offender support the imposition of a 12-month term of imprisonment.  (PSR, paras. 14-23) Between April 27, 2020 and May 15, 2020, the defendant, knowingly and with the intent to defraud, passed counterfeit Federal Reserve Notes (hereinafter "FRN") at various businesses in Troy, Missouri, Lake St. Louis, Missouri, and Wentzville, Missouri.  In return, the defendant received merchandise or gift cards from the vendors.  On May 15, 2020, the Troy Police Department executed  a search warrant at the defendant's residence.  Law enforcement recovered various items used in the manufacturing of counterfeit currency, store receipts, and shredded copied FRNs.  The evidence seized during the search warrant reflected that the defendant was not only passing counterfeit FRNs but also was manufacturing counterfeit FRNs.  During a lawful custodial interview, the defendant admitted that she manufactured and passed counterfeit FRNs and gave counterfeit FRNs to friends to pass.  She estimated that she likely printed $10,000.00 in counterfeit FRNs over a period of two months.  She admitted that, in addition to the purchases made with the counterfeit currency, she gave approximately $13,000.00 of counterfeit FRNs to friends who were aware that the FRNs were counterfeit.  She further stated

that she purchased a counterfeit detection pen to see if the counterfeit FRNs would pass as authentic.

The defendant's criminal history reflects that she has eleven driving-related, misdemeanor convictions, most of which resulted in the imposition of fines.  (PSR, paras. 42-52)  She has no prior felony convictions.  The defendant has two pending felony drug cases.  (PSR, paras. 58, 59)  Notably, the defendant was on bond in 2011-CR01512 when she was charged in 21L6-CR00154-01.  The defendant was on bond in both of those felony drug cases at the time she was passing the counterfeit FRNs charged in the instant Indictment.  The defendant has prior arrests, without convictions for Assault First Degree and Possession of a Controlled Substance (numerous instances).  [DCD 17]  Clearly, the defendant's engagement in this criminal activity while on bond in the two pending felony cases reflects the defendant's habitual disregard for the law.

Indeed, the defendant's lack of regard for the law is further evidenced by her failure to comply with certain conditions of supervised release.  (PSR, para. 11)  The United States Pretrial Services Office documented an incredible *nine* instances where the defendant tested positive for the use of methamphetamine while on bond.  In fact, one of those positive tests occurred after the defendant entered a plea of guilty before this Court. [DCD 36]  During that November 9, 2021 change of plea hearing, the Government requested that the defendant be taken into custody, arguing that because she was committing new crimes every time she unlawfully possessed a controlled substance.  The Court denied the Government's request and released the defendant on bond.  The defendant subsequently tested positive for methamphetamine use.  The defendant admitted to using methamphetamine.  The defendant was reminded not to use methamphetamine and no action was taken on her bond.  The PSR reflects that the defendant stated that she was using methamphetamine daily for about seven months while on bond.  (PSR, paras. 69-70)  With

4

each instance of the defendant's knowing unlawful use/possession of methamphetamine, the defendant was committing a Class D felony under the laws of the State of Missouri. Section 579.015, RSMo.

The PSR reflects that the defendant has reported that she has three children all of which reside with their fathers.  (PSR, paras. 61, 62)  The PSR also indicates that the defendant reported  that she was in a physically abusive relationship (unverified) and that she had been hospitalized as a result of that abuse (unverified).  (PSR, paras. 62, 65)

The defendant reported a mental health diagnosis which was unverified.  (PSR, para. 66) The PSR notes that a mental health assessment completed in October 2021 reflected that the defendant would not benefit from mental health counseling.  (PSR, para. 67)  However, the PSR then states that the defendant may benefit from participating in mental health treatment during any period of incarceration.  (PSR, para. 68)  The basis of that recommendation is not clear as there is no confirmed mental health diagnosis and a recent mental health evaluation concluded she would not benefit from mental health counseling.

The PSR reflects that the defendant grew up in a stable household with no neglect.  (PSR, para. 60)  The defendant does not have a high school diploma or GED.  (PSR, paras. 72-73)  The defendant is employed (verified).  (PSR, para. 77)

The PSR also indicates that the defendant's driver's license has been revoked or suspended. (PSR, para. 75)  This is particularly pertinent given that the defendant has eleven misdemeanor driving convictions and two pending driving-related municipal matters.  (PSR, paras. 42-57)

The counterfeiting of United States currency is a serious offense.  Although not a violent offense, this type of criminal behavior incurs losses by specific individuals, banks, and

5

businesses.  Here, a 12-month custodial sentence will protect the public from future crimes of the defendant; provide the defendant with any necessary substance abuse treatment, vocational or educational training; and will serve as a deterrent for further criminal conduct.

**WHEREFORE,** for the reasons stated above, the Government asks that the Court sentence the defendant to a 12-month term of imprisonment, which is a sentence within the recommended Guideline range of imprisonment.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/Jennifer J. Roy*
JENNIFER J. ROY, #47203MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, the foregoing was filed electronically under seal with the Clerk of the Court and to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Jennifer J. Roy*
JENNIFER J. ROY, #47203MO
Assistant United States Attorney